UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TREVER GUILBEAU, individually
and on behalf of all others similarly situated,**

　*Plaintiff*,

v.                                                              Case No. SA-21-CV-0142-JKP-ESC

**SCHLUMBERGER TECHNOLOGY
CORPORATION,**

　*Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court are *Defendant's Motion to Dismiss* (ECF No. 12) and a *Motion for Leave to File Surreply* (ECF No. 17) filed by Plaintiff Trevor Guilbeau. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Schlumberger Technology Corporation seeks to dismiss Plaintiff's first amended complaint both as brought individually and as brought on behalf of similarly situated individuals. Both motions are fully briefed and ready for ruling. After considering the motions, briefing, pleadings, and applicable law, the Court denies both motions for the reasons stated herein.

## I. BACKGROUND[1]

Plaintiff commenced this collective action in February 2021 by filing a civil complaint. *See* Pl.'s Orig. Compl. (ECF No. 1). After Defendant moved to dismiss that complaint, *see* ECF No. 6, he filed an amended complaint, *see* Pl.'s First Am. Compl. ("FAC") (ECF No. 7). He brings this civil action "under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA")." *Id*. ¶ 1. He worked for Defendant from June 2017 through October 2019. *Id*. ¶ 5.

"Plaintiff and putative Collective Action Members are/were employees of Defendant

---

[1] The background is taken from Plaintiff's allegations, which the Court views in a light most favorable to Plaintiff consistent with the standards for motions to dismiss.

pursuant to FLSA." *Id*. ¶ 34 (citing § 203(e)). He was employed as "a directional driller and MWD (measuring while drilling)" and his "primary job duties involve[d] providing oilfield drilling services." *Id*. ¶ 24. Although, as an employee of Defendant, he "routinely worked in excess of 40 hours per workweek" and his typical workweek "encompassed approximately 100 hours of work for Defendant," he was not paid an overtime rate for hours worked over forty. *Id*. ¶ 26. He was paid a salary plus a day rate. *Id*. ¶ 27. He "also frequently earned significant bonus pay" that should have been used in calculating his overtime premium pay. *Id*. ¶ 28. Defendant is an enterprise engaged in commerce. *Id*. ¶¶ 13, 33.

Plaintiff asserts a single claim for overtime pay under 29 U.S.C. § 207(a)(1). *See id*. ¶¶ 31-44. Pursuant to 29 U.S.C. § 216(b), he asserts the same claim "individually and on behalf of a collective" that he preliminarily defines as:

> All current and former employees of Defendant who were paid partially on a salary basis that did not bear a reasonable relationship to their total weekly earnings and partially on a day rate basis without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.

*Id*. ¶ 47. He alleges that the "putative Collective Action Members were paid pursuant to the same policy." *Id*. ¶ 48.

According to Plaintiff, he "and the putative Collective Action Members are all similarly situated." *Id*. ¶ 8. He alleges that during the relevant time period, Defendant employed "numerous other employees in connection with its oilfield operations who are/were similarly situated to [him]." *Id*. ¶ 30. He contends that "Defendant's failure to pay overtime wages results from generally applicable policies or practices," such failure is not dependent on the personal circumstances of the putative members, and "specific job titles or precise job responsibilities of each putative collective action member do not prevent collective action." *Id*. ¶¶ 50-51.

After Defendant again moved to dismiss, *see* ECF No. 12, the Court mooted the original

motion to dismiss, *see* ECF No. 14. Plaintiff thereafter filed a response (ECF No. 15), and Defendant filed its reply brief (ECF No. 16). Because "Defendant filed a non-binding, non-precedential district court case along with its Reply," Plaintiff moved to file a four-page surreply or alternatively, to supplement his response with the four pages. ECF No. 17 at 1. As is typically the case, that motion prompted a response (ECF No. 18) from Defendant and a reply (ECF No. 19) from Plaintiff. Later, Plaintiff filed a Notice of Decision (ECF No. 25) to identify and provide a decision from the Fifth Circuit Court of Appeals decided on September 9, 2021. Defendant thereafter responded to that notice "to provide additional context regarding the import of the Fifth Circuit's decision." ECF No. 26 at 1.

## II. MOTION FOR LEAVE TO FILE SURREPLY

Plaintiff seeks leave to file a surreply to address a case presented to the Court in reply when it was available when Defendant moved to dismiss this case. "As a general practice, neither the Federal Rules of Civil Procedure nor the local rules of this Court permit the filing of a surreply." *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019). The local rules, however, leave open the possibility for a party to seek leave to file a post-reply submission. *See* W.D. Tex. Civ. R. 7(e)(1) (formerly 7(f)(1)).

Even though "surreplies are heavily disfavored," it is ultimately "within the sound discretion of the courts to grant or deny leave to file such additional briefing." *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (citations and internal quotation marks omitted). However, the circumstances here simply provide no reason for the Court to exercise its discretion to permit the proposed surreply. While there may be other reasons to deny the requested leave, it suffices in this instance to merely state that it is unnecessary to consider the proposed surreply given the Court's rulings on the motion to dismiss, as set forth more fully below. Plaintiff seeks to file the additional brief to address a case that the Court has neither relied upon

nor found a need to address. Accordingly, the Court finds no need for additional briefing and denies the motion for leave to file a surreply.

### III. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks dismissal of Plaintiff's individual claims based on insufficient factual allegations. And it seeks dismissal of the collective claims because other proposed members are not similarly situated.

**A. Legal Standard**

Under Rule 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). Furthermore, when ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). Despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) "carries the burden of proof for dismissal." *Newton v. Bank of Am., N.A.*, No. CV SA-19-CA-797-FB, 2019 WL 6048000, at *2 (W.D. Tex. Aug. 29, 2019).

4

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

"Further, while asserted defenses may support dismissal under Rule 12(b)(6), they only do so when the operative 'pleading conclusively establishes the affirmative defense.'" *Morrison v. Marathon Petroleum Co., LP*, No. SA-20-CV-0480-JKP-RBF, 2021 WL 1739243, at *3 (W.D. Tex. May 3, 2021) (quoting *Reagan v. U.S. Bank, Nat. Ass'n*, No. CIV.A. H-13-00043, 2013 WL 510154, at *2 (S.D. Tex. Feb. 12, 2013)). When a party raises a "defense through a motion to dismiss under Rule 12(b)(6), the courts view it through the standards applicable to such motions."

*Williams v. NIBCO Inc.*, No. SA-20-CV-0048-JKP-RBF, 2021 WL 1069044, at *7 (W.D. Tex. Mar. 18, 2021).

In addition, in the context of an FLSA collective action, courts should separately consider claims brought individually versus those brought on behalf of a putative class. *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 933 (N.D. Tex. 2014). While there may be "divergent approaches" utilized by the courts, *see id*. at 933-34, this Court agrees that motions to dismiss under Rule 12(b)(6) differ from motions to certify or permit a collective action. It declines to treat a motion to dismiss merely as premature because certification issues have not been addressed. While different matters may be relevant on a motion to dismiss versus a motion for certification, defendants may seek dismissal of collective claims through Rule 12(b)(6). "Absent an act of Congress directing it to do otherwise, the court will consider Rule 12(b)(6) motions directed at FLSA collective action claims." *Id*. at 934.

However, as always, "determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

> Prior to certification, collective actions concern individuals who are not presently before the court and may not have communicated with the named plaintiffs' attorneys. Recognizing this, courts that apply Rule 12(b)(6) motions to collective action claims simply require plaintiffs to "give the defendant fair notice of the putative class." This arguably more liberal Rule 12(b)(6) standard allows both the rule and the certification process to play their proper role in the management of collective actions.

*Flores*, 55 F. Supp. 3d at 934 (quoting *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013)).

**B. FLSA Overtime Claims**

In general, the FLSA requires employers to pay covered employees overtime wages "for a workweek longer than forty hours." *See* 29 U.S.C. § 207(a)(1). "To state a prima facie overtime-

pay claim" under "§ 207(a)(1), a plaintiff must plausibly allege: (1) existence of "an employer-employee relationship" during the periods worked in excess of forty hours per week; (2) the plaintiff "engaged in activities covered by the FLSA"; (3) a violation of "the FLSA's overtime wage requirements"; and (4) "the amount of overtime compensation due." *White v. U.S. Corr., LLC*, 996 F.3d 302, 309 (5th Cir. 2021). A plaintiff may satisfy the second element by alleging that he "engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce." *Robinson v. RWLS, LLC*, No. SA-16-CA-00201-OLG, 2016 WL 9308422, at *2 (W.D. Tex. Aug. 11, 2016) (recommendation of Mag. J.) *adopted by* 2016 WL 9308525 (W.D. Tex. Sept. 16, 2016). The fourth element may be stated as the plaintiff "received compensation less than one and one-half times the regular rate at which he or she is employed," and can be satisfied "by pleading sufficient facts to put the defendant on notice as to the approximate date ranges, as well as the approximate number of hours worked, for which the plaintiff claims he was under-compensated." *Id*. (citations and internal quotation marks omitted).

**1. Individual Overtime Claim**

Plaintiff has made sufficient factual allegations in his first amended complaint to state an individual claim under § 207(a)(1). *See* FAC ¶¶ 5, 13, 24-28, 31-44. He has made factual allegations regarding each element of a prima facie claim. In *White*, the Fifth Circuit held that similar allegations were sufficient to state such a claim. *See* 996 F.3d at 309.

However, there are numerous exemptions from the overtime requirements. *See* 29 U.S.C. § 213; *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018) (recognizing that "the FLSA has over two dozen exemptions in § 213(b) alone"). Relevant here, § 213(a)(1) exempts individuals "employed in a bona fide executive, administrative, or professional capacity." Through that statute, "Congress has authorized the Secretary [of Labor] to promulgate regulations

7

exempting" these individuals from overtime. *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289, 290 (5th Cir. 2021) (en banc), *cert. docketed*, Case No. 21-984 (U.S. Jan. 11, 2022). "Under that authority, the Secretary has exempted 'highly compensated' as well as more modestly paid 'executive,' 'administrative,' and 'professional' employees." *Id.* (respectively citing 29 C.F.R. §§ 541.601, 541.100, 541.200, 541.300).

To be exempt under "any of these exemptions," the employee must satisfy three conditions: (1) "the employee must meet certain criteria concerning the performance of executive, administrative, and professional duties"; (2) "the employee must meet certain minimum income thresholds"; and (3) "the employee must be paid on a 'salary basis.'" *Id*. While "the duties criteria and income thresholds vary from exemption to exemption, the regulations apply the same salary-basis requirement to all four exemptions." *Id.* at 290-91.

Defendant asserts that Plaintiff is exempt as a highly compensated employee under 29 C.F.R. § 541.601. *See* ECF No. 12 at 5-6. Section 541.601(a)(1) provides:

> Beginning on January 1, 2020, an employee with total annual compensation of at least $107,432 is deemed exempt under [§ 213(a)(1)] if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee as identified in subparts B, C or D of this part.

In general, prior to the 2020 increase, the total annual compensation had to be at least $100,000, including at least $455 paid per week. *See Alawar v. Trican Well Serv., LP*, 397 F. Supp. 3d 873, 897 (W.D. Tex. 2019).

> A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties. Thus, a highly compensated employee will qualify for exemption if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part. An employee may qualify as a highly compensated executive employee, for example, if the employee customarily and regularly directs the work of two or more other employees, even though the employee does not meet all of the other requirements for the executive exemption under § 541.100.

8

29 C.F.R. § 541.601(c). This exemption, furthermore, "applies only to employees whose primary duty includes performing office or non-manual work." *Id*. § 541.601(d). And, as stated previously, to be exempt as a highly compensated employee, the employee "must be paid on a 'salary basis.'" *Hewitt*, 15 F.4th at 293; *accord* 29 C.F.R. § 541.601(b)(1) (explaining that "'[t]otal annual compensation' must include at least $684 per week paid on a salary or fee basis"). Furthermore, "[u]nder § 541.604(b), an employee whose pay is computed on a daily basis must meet certain conditions in order to satisfy the salary-basis test." *Hewitt*, 15 F.4th at 293 (internal quotation marks omitted).

"If the employer claims 'that the suing employee is exempt from the overtime requirement,' then the employer 'has the burden of proving that the employee falls within the claimed exempted category.'" *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (quoting *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)); *accord Carley v. Crest Pumping Tech., LLC*, 890 F.3d 575, 579 (5th Cir. 2018). Furthermore, "courts are to give FLSA exemptions 'a fair reading,' as opposed to the narrow interpretation previously espoused by [the Fifth Circuit] and other circuits." *Carley*, 890 F.3d at 579 (quoting *Encino*, 138 S. Ct. at 1142).

Although an asserted defense may support a Rule 12(b)(6) dismissal, it does so only when the defense is conclusively established from the face of the operative pleading. *Morrison*, 2021 WL 1739243, at *3. At the pleading stage, it may be "premature" to rule that an FLSA exemption forecloses a plausibly stated § 207(a)(1) claim. *White*, 996 F.3d at 310. This is so, because "the 'determination as to whether an employee is exempt under the [FLSA] is primarily a question of fact' typically better suited for summary judgment." *Id*. (quoting *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990)).

Similar to *White*, "[t]his is just such a typical case." *See id*. While the exemption in *White* differs from this case, the asserted exemption is not the key to the Court's determination. Rather,

9

the key is whether the operative pleading conclusively establishes the defense.

Defendant argues that Plaintiff is exempt from overtime pay because he is a highly compensated employee. ECF No. 12 at 5-8. Although Plaintiff lists income in his FAC that satisfies a requirement of the exemption, the pleading does not conclusively show that the exemption applies. While "earning a certain level of income is necessary, [it is] insufficient on its own, to avoid the overtime protections of the FLSA." *Hewitt*, 15 F.4th at 291. As Defendant recognizes, Plaintiff does not allege his day-to-day job duties. *See* ECF No. 12 at 7-8. Nor does the FAC allege a primary duty of performing non-manual work or that Plaintiff regularly performs any duty of an executive, administrative, or professional employee. Viewing the allegation that Plaintiff worked as a directional driller and MWD specialist in the light most favorable to him, the Court cannot say that the FAC conclusively shows satisfaction of all requirements for the highly-compensated-employee exemption.

Defendant argues that, even if Plaintiff is not exempt as a highly compensated employee, the reasonable relationship test within 29 C.F.R. § 541.604(b) would not apply because Plaintiff "admits that he was paid a guaranteed salary plus additional compensation"; thus making § 541.604(a) applicable. ECF No. 12 at 4. However, neither subparagraph applies unless the employee is exempt. Although one might infer from Plaintiff's reliance on § 541.604(b) and its reasonable relationship test that he is an exempt employee, *see* FAC ¶¶ 1, 2, 8, 30, 36, 47, 48; the FAC has specific statements that he was not exempt, *see* FAC ¶¶ 35, 49. Of course, it is not Plaintiff's burden to show that he is not exempt.

Viewing the FAC in the light most favorable to Plaintiff, the Court can reasonably infer that Plaintiff alternatively asserts that he is either not an exempt employee or that, if he is exempt, then Defendant loses the exemption under § 541.604(b). The Court has no need to resolve whether subparagraph (a) or (b) applies at this time, because Defendant has not carried its burden to show

that any asserted exemption is conclusively established on the face of Plaintiff's pleading. Accordingly, the Court denies the motion to the extent Defendant seeks dismissal of the individual claim asserted. Defendant's reliance on the exemption defense is premature based on the allegations set out in the FAC.

### 2. Collective Action Claim

That reliance on the exemption defense is premature at this stage in this case with respect to Plaintiff's individual claim, does not mean the motion is premature entirely. It is not premature for Defendant to challenge the collective action claims through the instant Rule 12(b)(6) motion. Such a challenge presents a different basis for dismissal. Courts review the operative collective action pleading to determine whether it provides the defendant "fair notice of the putative class." *See*, *e.g.*, *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 934 (N.D. Tex. 2014); *Schnelle v. Chevron U.S.A. Inc.*, No. MO:20-CV-112-DC-RCG, 2021 WL 2773010, at *2 (W.D. Tex. Jan. 28, 2021) (recommendation of Mag. J.) *adopted by* 2021 WL 2773008 (W.D. Tex. Mar. 7, 2021); *Huchingson v. Rao*, No. 5:14-CV-1118, 2015 WL 1655113, at *3 (W.D. Tex. Apr. 14, 2015). Making sufficient factual allegations to support a collective action "is a low bar." *Schnelle*, 2021 WL 2773010, at *2.

Plaintiff sets out a preliminary definition of the alleged class. *See* FAC ¶ 47. He alleges that the same pay policy applied to all collective members. *Id*. ¶ 48. He alleges that all members are similarly situated in that they were employed with respect to Defendant's oilfield operations and paid a salary plus a day rate. *Id*. ¶¶ 8. 30. Although he does not identify job titles or responsibilities, he alleges that such matters do not affect whether the employees are similarly situated given the generally applicable policies or practices Defendant applied to each of them. *Id*. ¶¶ 50-51. The Court finds that these factual allegations clear the low bar for the asserted collective action claim to survive dismissal at this point. "At the pleading stage, taking the Plaintiff's allegations

11

that other similarly situated employees were subject to the same policies as true," the Court finds sufficient factual allegations "to permit the case to proceed as a collective action beyond the pleading stage." *See Perez v. T.A.S.T.E. Food Prod., Inc.*, No. 5:13-CV-655-DAE, 2014 WL 412327, at *7 (W.D. Tex. Feb. 3, 2014).

Because the first amended complaint provides Defendant with fair notice of the putative class, the collective action claim survives. Defendant urges dismissal under Rule 12(b)(6) because individual analyses will be required to determine whether putative members are similarly situated to Plaintiff. *See* ECF No. 12 at 11-12. But that is not a legitimate basis for a Rule 12(b)(6) motion. *See Peery v. Nixon Eng'g, LLC*, No. 6:18-CV-00358-ADA-JCM, 2019 WL 2565237, at *3 (W.D. Tex. Mar. 13, 2019) (recommendation of Mag. J.) (recognizing that a similar argument "is not well suited for a Rule 12(b)(6) motion to dismiss") *adopted by* 2019 WL 2565275 (W.D. Tex. Mar. 28, 2019). Defendant further argues that Plaintiff is not an appropriate representative "because he was not paid partially on a salary basis and partially on a day rate basis." *See* ECF No. 12 at 11. Not only is such argument contrary to Plaintiff's allegations, *see*, *e.g.*, FAC ¶ 27, but the argument also does not address whether the FAC provides Defendant with fair notice of the putative class.

To the extent Defendant wishes to challenge the "collective action allegations that similarly situated employees were subject to the alleged policies," the proper procedure at this juncture is to do so in opposition to this action proceeding as a collective action, through a response to either a properly filed motion for leave to permit the action to proceed collectively or a motion for certification (if that terminology remains aptly descriptive). *See Perez*, 2014 WL 412327, at *7 (using terminology common at that time). Last year, the Fifth Circuit rejected the conditional certification approach formerly used by many courts within the circuit. *See Swales v. KLLM Trans. Servs., LLC*, 985 F.3d 430, 434, 441-42 (5th Cir. 2021). Among other things, *Swales* recognized that "the word 'certification,' much less 'conditional certification,' appears nowhere in the FLSA." *Id.* at 434.

The undersigned has discussed *Swales* at length and has recognized it as controlling authority regarding whether to permit a putative collective action to proceed collectively. *See Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2021 WL 2187956, at *6-13 (W.D. Tex. May 28, 2021). Furthermore, even though Plaintiff commenced this putative collective action just a month after *Swales*, *see* ECF No. 1, the Magistrate Judge has issued a Scheduling Order (ECF No. 24) which sets various deadlines that commence with a denial of the instant motion to dismiss and recognizes a need for the parties to submit "scheduling recommendations with respect to any pre-collective action certification discovery pursuant to *Swales*." *See* ECF No. 24 ¶ 2.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** *Defendant's Motion to Dismiss* (ECF No. 12) and **DENIES** the *Motion for Leave to File Surreply* (ECF No. 17) filed by Plaintiff Trevor Guilbeau. The denial of the motion to dismiss commences deadlines set out in the Scheduling Order (ECF No. 24). And, consistent with Fed. R. Civ. P. 12(a)(4)(A), Defendant shall file its responsive pleading within fourteen days of the date of this Memorandum Opinion and Order.

**IT is so ORDERED.**

**SIGNED this 21st day of January 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**