IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TREVER GUILBEAU, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | SA-21-CV-00142-JKP |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § § § | |
| *Defendant.* | § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's Opposed Amended Motion for Leave to File Second Amended Complaint [#35]. This case was referred to the undersigned for all pretrial proceedings on February 25, 2021 [#4]. The undersigned has authority to issue this non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A). On May 3, 202, the undersigned held a hearing on the motion, at which counsel for the parties appeared via Zoom. After considering the arguments of counsel in the motion, response, reply, and sur-reply, and their arguments at the hearing, and for the reasons set forth below and stated on the record during the hearing, Plaintiff's Opposed Amended Motion for Leave to File Second Amended Complaint [#35] will be **GRANTED.**

The Federal Rules of Civil Procedure favor amendment. A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time period has passed, a party may amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The grant of leave to amend

1

pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15 expresses a strong presumption in favor of liberal pleading"); *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981) ("[Rule 15] evinces a bias in favor of granting leave to amend."). A motion to amend should not be denied unless there is "substantial reason" to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Defendant opposes Plaintiff's motion on the basis of futility and undue prejudice, arguing that Plaintiff's proposed amendment would result in the joining of a party that is not substantially similarly situated to give rise to a collective action. These arguments are in effect arguments against issuing notice and arguments for summary judgment and would be better made in those postures.

There is no "substantial reason" to deny leave to amend. Plaintiff's Opposed Amended Motion for Leave to File Second Amended Complaint [#35] is timely. The discovery period in this case is still open, and at the time of filing there was not yet a scheduling order in place. Thus, the prejudice to Defendant, if any, would be minimal. Given the foregoing and noting Rule 15's bias in favor of granting parties leave to amend, the Court will grant Plaintiff leave to file his Second Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Amended Motion for Leave to File Second Amended Complaint [#35] is **GRANTED**.

**IT IS FURTHER ORDERED** that the District Clerk docket Plaintiff's Second Amended Complaint [#35-1] attached to its motion.

SIGNED this 4th day of May, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE