**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Trever Guilbeau, individually and on behalf of all others similarly situated, and Christopher O'Mara, individually and on behalf of all others similarly situated, | § | |
| Plaintiffs, | § | Civil Action No. 5:21-CV-00142-JKP-ESC |
| v. | § | JURY TRIAL DEMANDED |
| Schlumberger Technology Corporation, | § | COLLECTIVE ACTION |
| Defendant. | § | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiffs, Trever Guilbeau ("Guilbeau"), individually and on behalf of all others similarly situated, and Christopher O'Mara ("O'Mara"), individually and on behalf of all others similarly situated, file this Second Complaint against Schlumberger Technology Corporation ("Schlumberger" or "Defendant"), showing in support as follows:

## I. NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff Guilbeau and similarly situated directional drillers time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid partially on a "salary" basis that did not bear a reasonable relationship[1] to his total weekly earnings and partially on a day rate basis.

---

[1] *See* 29 C.F.R. § 541.604(b) ("An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts

2. Plaintiff O'Mara also brings this lawsuit under the FLSA seeking damages for Defendant's failure to pay her and similarly situated MWDs ("measuring while drilling") time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid partially on a "salary" basis that did not bear a reasonable relationship to her total weekly earnings and partially on a day rate basis. Furthermore, Plaintiff O'Mara's job duties as an MWD did not exempt him from receiving overtime premium pay under the FLSA.

3. Plaintiffs file this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant who, like the Plaintiffs, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

4. Plaintiffs and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. <u>THE PARTIES</u>

### A. <u>Plaintiff Trever Guilbeau</u>

5. Plaintiff Guilbeau is an individual residing in Lafayette Parish, Louisiana. Plaintiff has standing to file this lawsuit.

6. Plaintiff Guilbeau began working for Defendant on or about June of 2017. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about October 2019.

---

worked, **and a reasonable relationship exists between the guaranteed amount and the amount actually earned.** The reasonable relationship test will be met if the weekly guarantee is **roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek.**")

7. Plaintiff Guilbeau frequently worked in excess of forty hours in a workweek, but was not paid time and one half his regular rate of pay for all hours worked over forty in each workweek. On average, Plaintiff Guilbeau worked between 84 to 100 hours per week.

8. At all times, Plaintiff Guilbeau earned a "salary" of $1,826.00 bi-weekly ($913.00 weekly) and earned a "rig day rate" of $525.00 for each day he worked on a rig and a "standby day rate" of $262.50 for each day he was engaged to wait on-site for a job to start or for tools to arrive, in connection with work for Defendant.

9. Plaintiff Guilbeau's written consent to participate in this lawsuit has previously been filed in this lawsuit.

**B. Plaintiff Christopher O'Mara**

10. Plaintiff O'Mara is an individual residing in Texas. Plaintiff has standing to file this lawsuit.

11. Plaintiff O'Mara began working for Defendant in about 2011 and stopped working for Defendant in 2022.

12. At all times, Plaintiff O'Mara earned a "salary" of $2,538.46 bi-weekly ($1,269.23 weekly) and earned a "day rate" of $160 for each day of his work.

13. Plaintiff' O'Mara frequently worked in excess of forty hours in a workweek. He typically worked a schedule of fourteen days on, one week off, and his typical daily shift was 12.5 hours, meaning he typically worked 87.5 hours per workweek.

14. Plaintiff was not paid time and one half his regular rate of pay for all hours worked over forty in each workweek.

**C. <u>Collective Action Members</u>**

15. The putative Collective Action Members are all current or former employees of Defendant who are/were paid partially on a "salary" basis that did not bear a reasonable relationship to their total weekly earnings and partially on a day rate basis and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek and/or whose job duties did not meet any exemption to the FLSA. Because Defendant did not pay all overtime premium compensation due to its employees paid partially on a "salary" basis that did not bear a reasonable relationship to their total weekly earnings and partially on a day rate basis who routinely worked in excess of 40 hours per workweek, Plaintiffs and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

16. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**D. <u>Defendant Schlumberger Technology Corporation</u>**

17. Defendant is a corporation organized under the laws of the State of Texas.

18. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

19. Defendant's principal place of business, as listed with the Texas Secretary of State is 1200 Enclave Parkway, Floor 2; Houston, Texas 77077.

20. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

21. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

22. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

23. Defendant employed two or more employees who regularly engaged in commerce in their daily work.

24. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, equipment, and supplies/materials used in connection with oilfield operations.

25. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

26. Defendant has previously been served with this lawsuit.

## III. JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

28. The United States District Court for the Western District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

29. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV. FACTUAL BACKGROUND

30. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

31. Plaintiff Guilbeau was employed by Defendant as a directional driller in connection with its oilfield drilling operations. His primary job duties involve providing oilfield drilling services.

32. Plaintiff O'Mara was employed by Defendant as a MWD ("measuring while drilling") in connection with its oilfield drilling operations. His primary job duties were predominantly manual labor and technical in nature. Specifically, Plaintiff O'Mara and similarly situated MWDs performed job duties including operating oilfield machinery, collecting/relaying data, and reporting daily activities to field supervisors for analysis. Defendant's MWD employees did not (1) have a primary job duty of managing Defendant's enterprise or a customarily recognized department or subdivision thereof, (2) customarily and regularly direct the work of at least two or more other full-time employees or their equivalent, nor (3) have the authority to hire or fire other employees, nor did their suggestions or recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees receive particular weight from Defendant. Rather, Plaintiff O'Mara and similarly situated MWD's job duties were primarily manual labor and technical in nature.

33. At all material times, Defendant paid Plaintiffs partially on a "salary" basis that did not bear a reasonable relationship to their total weekly earnings and partially on a day rate basis.

34. Plaintiffs routinely worked in excess of 40 hours per workweek for Defendant. Plaintiffs' weekly work schedule typically encompassed approximately 84-100 hours of work for

Defendant. However, Defendant did not pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 during each and every workweek.

35. For instance, Plaintiff Guilbeau earned a "salary" of $1,826.00 bi-weekly ($913.00 weekly) and earned a "rig day rate" of $525.00 for each day he worked on a rig and a "standby day rate" of $262.50 for each day he was engaged to wait on-site for a job to start or for tools to arrive, in connection with work for Defendant.

36. Plaintiff Guilbeau typically earned far in excess of $913.00 per week. In an average week, Plaintiff Guilbeau would work for seven days straight, representing approximately 100 hours of work. He would earn his "rig day rate" for each of those days of work. Consequently, he would earn $913.00 plus $3,675.00 (7 days * $525.00 rig day rate), totaling $4,588.00. Plaintiff Guilbeau also frequently earned significant bonus pay in that time, which should have been included in his regular rate of pay for calculating overtime premium pay.

37. The day rates paid by Defendant were masked wages that Defendant used to skirt the FLSA's overtime requirement. In reality, Plaintiffs should have been paid overtime premium pay for their work over 40 hours in each such workweek. In the given average week, Plaintiff Guilbeau should have earned an additional $1,376.40 in overtime premium pay (Total earnings of $4,588.00/100 hours of work per week = effective hourly rate of $45.88. Half rate of $22.94 * 60 hours of overtime work = $1,376.40).

38. During times relevant, Defendant employs/employed numerous other employees in connection with its oilfield services operations who are/were similarly situated to Plaintiffs. Those employees were also paid partially on a "salary" basis that did not bear a reasonable relationship to their total weekly earnings and partially on a day rate basis and routinely work/worked in excess

of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

## V. FLSA CLAIMS FOR OVERTIME PAY

39. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

40. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

41. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

42. Plaintiffs and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

43. Plaintiffs and putative Collective Action Members were not exempt from overtime under the FLSA.

44. Plaintiffs and putative Collective Action Members are/were paid partially on a "salary" basis that did not bear a reasonable relationship to their total weekly earnings and partially on a day rate basis by Defendant.

45. At times relevant to this lawsuit, Plaintiffs and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

46. Defendant is/was required to pay Plaintiffs and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

47. Defendant failed to pay Plaintiffs and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

48. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiffs and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

49. Putative Collective Action Members are/were similarly situated to Plaintiffs and to each other under the FLSA. 29 U.S.C. § 216(b).

50. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiffs and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

51. Plaintiffs and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

52. Plaintiffs and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. COLLECTIVE ACTION CLAIMS

53. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

54. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

55. Plaintiffs seek to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who were paid partially on a "salary" basis that did not bear a reasonable relationship to their total weekly earnings and partially on a day rate basis without receiving overtime premium pay for all hours worked over forty in each seven-day workweek and/or whose job duties did not meet any exemption to the FLSA for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

56. Plaintiffs have personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid partially on a "salary" basis that did not bear a reasonable relationship to their total weekly earnings and partially on a day rate basis for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

57. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

58. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

59. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

60. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

61. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

62. Plaintiffs further reserve the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

63. Plaintiffs demand a jury trial.

## VIII. DAMAGES AND PRAYER

64. Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. All damages allowed by the FLSA, including back wages;

c. Liquidated damages in an amount equal to FLSA-mandated back wages;

d. Legal fees;

e. Costs;

f. Post-judgment interest;

g. All other relief to which Plaintiffs and the collective action members may be justly entitled.

Dated: March 18, 2022

Respectfully submitted,

By: */s/ Ricardo J. Prieto*

Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle

State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFFS AND PUTATIVE COLLECTIVE ACTION MEMBERS