UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TREVER GUILBEAU, individually
and on behalf of all others similarly situated,
and CHRISTOPHER O'MARA, individually
and on behalf of all others similarly situated,**

    *Plaintiffs*,

v.    Case No. SA-21-CV-0142-JKP-ESC

**SCHLUMBERGER TECHNOLOGY
CORPORATION,**

    *Defendant.*

## ORDER DENYING MOTION AND SETTING DEADLINES

Before the Court is a Motion to Certify an Interlocutory Appeal (ECF No. 102) filed by Defendant Schlumberger Technology Corporation, related briefing (response (ECF No. 106) and reply (ECF No. 108)), and a notice of supplemental authority (ECF No. 107). The Court previously stayed this action pending resolution of this motion, and given the uncertain length of such stay, it administratively closed this action pending further order of the Court. *See* ECF No. 105.

Section 1292(b) of Title 28 of the United States Code permits a district court to certify an order for interlocutory appeal. In full, the statute states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"By its terms, this statute appears to limit a district court's certification to when the judge issues the non-appealable order." *T & E Inv. Grp. LLC v. Faulkner*, No. 11-CV-0724-P, 2014 WL

11512366, at *1 (N.D. Tex. May 19, 2014). When this Court issued its order accepting the recommendation of the Magistrate Judge, it did not state "any opinion as to whether the order should be certified as immediately appealable"; thus, providing a sufficient reason of itself to deny the requested certification "[u]nder a strict reading of the statute." *See id*. But as *Faulkner* recognizes, not only have parties "historically moved to amend an order so as to certify an appeal under § 1292(b)," but "courts may consider separate motions for interlocutory appeal under the statute." *Id*. (citing *Spiess v. C. Itoh & Co. (Am.), Inc.*, 725 F.2d 970, 973 (5th Cir. 1984) as support for first proposition and *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 720-31 (N.D. Tex. 2006) as support for the second proposition). Here, both parties rely on *Hurdsman v. Gleason*, No. 1:22-CV-254-RP, 2024 WL 499595, at *2 (W.D. Tex. Feb. 8, 2024) for either certifying an appeal or not. The Court thus considers the motion for certification filed in this action.

Section 1292(b) "permits a court to certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). To properly certify an order for interlocutory appeal, the Court must find each criterion satisfied. *Hurdsman*, 2024 WL 499595, at *2. And when the appeal is sought through motion, the moving party has the burden to show the propriety of an interlocutory appeal. *Id*.

While courts have taken various approaches, both rigid and more flexible, "some common ground can be gleaned from both ends of the spectrum." *Ryan*, 444 F. Supp. 2d at 722. Stated succinctly, the five common grounds are (1) the certification decision "is firmly within the district court's discretion"; (2) "§ 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion"; (3) "the issue for appeal must involve a question of *law*—not fact"; (4) as required by the statute, "the issue for appeal must involve a

*controlling* question of law"; and (5) a "key concern . . . is whether permitting an interlocutory appeal" will accelerate or simplify the matters before the trial court. *See id*. at 722-23.

Furthermore, the Fifth Circuit has long recognized a general disfavor for interlocutory appeals, and a requirement to strictly construe statutes permitting such appeals. *Fannie Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (per curiam) (citing *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997) (per curiam)). In addition, each district in Texas has recognized that judges have unfettered discretion to deny certification, even when the three statutory criteria are present. *See Escobedo v. Ace Gathering, Inc.*, No. CV H-22-538, 2023 WL 5511199, at *1 (S.D. Tex. Aug. 25, 2023); *Ramirez v. City of El Paso, Tex.*, No. EP-17-CV-00193-DCG, 2022 WL 16557646, at *4 n.9 (W.D. Tex. Oct. 31, 2022); *Patterson v. Dallas/Fort Worth Int'l Airport Bd.*, No. 3:18-CV-00307-E, 2021 WL 4240479, at *1 (N.D. Tex. Jan. 6, 2021); *Earl v. Boeing Co.*, No. 4:19-CV-00507, 2020 WL 4220887, at *2 (E.D. Tex. July 23, 2020).

While both sides present reasons for their respective positions on the certification issue, Plaintiffs have the better argument and exhibit a better understanding of the nuances of the recommendation of the Magistrate Judge and the Court's acceptance of the recommendation. As Plaintiffs point out, the order sought to be certified does not concern a simple or pure question of law. The Court denied summary judgment because Defendant had not carried its burden to show that Plaintiffs are exempt employees as a matter of law. The Court thus questions whether the order to be appealed purely concerns a question of law, let alone a controlling question of law.

Although Defendant remains steadfast in its disagreement with this Court's rulings, it has not convinced the Court to certify the order for interlocutory appeal. In fact, many of its arguments appear to simply question the Court's summary judgment rulings or to obtain a more favorable ruling from the Fifth Circuit. Within the context of this case, Defendant has had two attempts to convince the Court of the merits of its position, and it has failed both times.

Through its notice of supplemental authority, Defendant provides two recent nonbinding cases that it contends supports its stance regarding the regulatory interpretation at issue in this case. Neither case cites to nor discusses this case. Moreover, they provide no support for granting an interlocutory appeal. This Court understands the complexities of the regulatory interpretation and respects that reasonable minds may differ on the proper interpretation. But as thoroughly discussed in the order accepting the recommendation of the Magistrate Judge through de novo review, this Court's interpretation does not render any regulatory language superfluous while simultaneously remaining consistent with Supreme Court and Fifth Circuit precedent.

Moreover, while the requested interlocutory appeal might simplify the matters before this Court depending on how the Fifth Circuit ultimately rules, such appeal will certainly not accelerate the matters. Indeed, it is likely more prudent to see how the Fifth Circuit decides the cases already pending before it than to present it with another case upon which to expound its wisdom. While additional Fifth Circuit guidance on the regulatory interpretation would be helpful, multiple appeals are already pending before the Circuit that could shed valuable light on the matter. Providing another case upon which the Fifth Circuit can weigh in on the subject does not appear warranted.

Under the circumstances here, Defendant has not convinced the Court that each statutory criterion is present. Moreover, even if the Court were to find each criterion satisfied, it would still decline to exercise its discretion to certify the prior order for an interlocutory appeal. The Court thus declines to certify its prior order for interlocutory appeal.

The next question is whether the Court should still consider the compromise mentioned in its order to stay this action. The Court noted:

> [G]iven the pendency of appeals that are at least arguably directly on point, an appropriate compromise could be for notice to issue in this case letting the opt-in period commence and conclude while seeing how current appeals play out before the Fifth Circuit. After Defendant discloses the list of putative members with

4

contact information, it falls on Plaintiffs to send and resend any notices. ECF No. 105 at 2.

Plaintiffs have reviewed the compromise pragmatically and recognize that, depending on the size of this collective action, it may be worth waiting for the Fifth Circuit to issue rulings on appeals already pending there. They request that the Court order Defendant to disclose the number of collective action members by a reasonable time and allow them a reasonable time (about fourteen days) to determine the expense of sending notice before requiring them to provide notice as to whether waiting is the better course. They also recognize that it may "make sense to stay any discovery during the notice period and revisit the state of the law at the notice period's close to ensure that the parties do not incur additional attorneys' fees or expenses" while the pending appeals before the Fifth Circuit proceed.

Defendant objects that the proposed compromise is contrary to *Swales v. KLLM Transport Services., LLC*, 985 F.3d 430 (5th Cir. 2021). It contends that, under *Swales*, the Court should not allow notice until all threshold matters have been resolved. It contends that the Court has reached a legal conclusion while acknowledging contrary legal authority. It thus believes that this legal issue needs to be resolved before notice is sent to prospective members. It also objects to revealing a complete list of potential opt-in members prior to resolution of this issue. It does not address Plaintiffs' proposal regarding disclosure of the number of members or staying discovery.

Nothing in *Swales* supports Defendant's position. This Court has found certain employees of Defendant to be similarly situated within the meaning of 29 U.S.C. § 216(b). The assigned Magistrate Judge considered the issues consistent with the standard set out in *Swales*. After considering objections by both sides, this Court affirmed the order of the Magistrate Judge. At this point, sending notice to potential opt-in members is simply one of the upcoming steps in this litigation. The proposed compromise to an interlocutory appeal does nothing more than proceed

with the next stages of this collective action while taking a wait-and-see approach to future appellate rulings. Nothing in *Swales* supports withholding notice after a court has applied the *Swales*' standard and found employees to be similarly situated. A defense that appears to relate to all putative members of the collective action neither precludes finding such members to be similarly situated nor issuing notice. On de novo review, this Court has already accepted the Magistrate Judge's recommendation regarding Defendant's motion for summary judgment. That the defense has failed on summary judgment certainly does not provide a basis to withhold issuing notice. That Defendant continues to disagree with the denial of its motion does not change the fact that a collective action is proceeding against it.

At this juncture, the Court finds the proposed alternative of Plaintiffs to be a prudent course. Notably, Defendant asserts no objection to such course. Because the Court previously put Defendant on notice that it expected its list of putative members to be ready for disclosure the day the Court lifts the stay, which at that time only extended to the resolution of the instant motion to certify interlocutory appeal, the Court is confident that Defendant has compiled such a list. Accordingly, Defendant shall disclose the number of collective action members to Plaintiffs no later than **noon, April 19, 2024**. Plaintiffs shall have until **May 3, 2024**, to file a court advisory stating whether they desire to proceed with issuing notice or whether they would prefer to wait for rulings on appeals pending with the Fifth Circuit. Plaintiffs shall also state their position as to staying discovery during the notice period.

For the foregoing reasons, the Court **DENIES** the Motion to Certify an Interlocutory Appeal (ECF No. 102). It **SETS** a deadline for each party as reflected in the preceding paragraph. It **EXTENDS** the **STAY** and **ADMINISTRATIVE CLOSURE** of this case pending further order of the Court. This extension similarly extends the tolling of the limitations period. The Court will consider whether to stay discovery during the notice period when it considers the court advisory

to be filed by Plaintiffs. If Defendant wishes to respond to the court advisory, it shall do so **on or before May 6, 2024**. Because the undersigned has issued the present stay, the undersigned will issue an appropriate order after considering the court advisory to be filed by Plaintiffs and any response filed by Defendant. While the Magistrate Judge remains the referral judge in this case, the undersigned will handle these related matters.

    **IT IS SO ORDERED this 16th day of April 2024.**

                                             */s/ Jason Pulliam*
                                          **JASON PULLIAM**
                                          **UNITED STATES DISTRICT JUDGE**